MOUNT HOPE DEVELOPMENT CORP. & another *vs.*
GULF OIL CORPORATION & others.

Bristol.    April 7, 1976. — July 9, 1976.

Present: REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Redevelopment of Land.    Gasoline Service Station.    Words, "Inciden-
tal or accessory use."*

Where a redevelopment plan barred the operation of a gasoline service
station on a section of land unless such station was "an incidental
or accessory use serving a primary use such as a retail store," a
judge was warranted in finding that a service station occupying
1,600 square feet to which the owners proposed to add a retail auto-
motive supply store which would occupy 720 square feet was pro-
hibited by the plan. [637-638]

CIVIL ACTION commenced in the Superior Court on No-
vember 11, 1974.

The case was heard by *Linscott, J.*

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Jeffrey S. Entin* for Mount Hope Development Corp. &
another.

*Richard C. Levin* for Gulf Oil Corporation & others.

REARDON, J.   In this complaint the plaintiffs, Mount
Hope Development Corp. (Mount Hope), and Fall River
Housing Authority, seek a declaratory judgment that the
proposed use of real estate is in conformance with a re-
development plan of the city of Fall River, and with our
holding in *Gulf Oil Corp.* v. *Fall River Housing Authority,*
364 Mass. 492 (1974). A Superior Court judge concluded
that the proposed use did not conform to the standards
and entered judgment for the defendants, Gulf Oil Cor-
poration (Gulf), Edward Souza, and Fall River Municipal

Employees' Credit Union, which has been appealed. We transferred the case here on our own motion.

Reference is made to the opinion in *Gulf Oil Corp.* v. *Fall River Housing Authority, supra,* for a full statement of the facts. It is sufficient here to say that, pursuant to the redevelopment plan, certain land in Fall River has been divided into two zones, General Commercial (A) and General Commercial (B). The defendant Gulf is the owner, and the defendant Edward Souza is the operator, of a gasoline station in zone (A). Mount Hope had constructed and started to operate a gasoline station in zone (B) which, as the trial judge pointed out, was across the street from the Gulf station operated by Souza. In *Gulf Oil Corp.* v. *Fall River Housing Authority, supra* at 493-494, we referred to a 1964 amendment to the redevelopment plan specifying permitted uses in the two sections of land which included the provision, "Hotel or motel use or restaurant, or gasoline service station use shall not be permitted in parcels designated General Commercial (B) if previously approved for a General Commercial (A) parcel. However, a small restaurant, snack bar or service station may be permitted as an incidental or accessory use serving a primary use such as a retail store." We noted in that opinion that Mount Hope was planning to use the property for the operation of an ordinary gasoline service station, and we held that such use violated the plan.

It now appears from the judge's findings that "Mount Hope Development Corp., with the approval of Fall River Housing Authority ... wants to add about 720 square feet to the present service station for the purpose of having a retail automotive supply store, as part of and in addition to, the gasoline service station." The present gasoline service station consists of two islands of gasoline pumps, three bays for work on automobiles, an office, storage space, and bathrooms. The service station building itself covers 1,600 square feet. The judge concluded that the business proposed by Mount Hope "will remain an ordinary service station with a small retail store added," and that the proposed retail store would not be the primary use of the

property. Prior to making his findings and rulings, and order for judgment, the judge heard the witnesses whose testimony is embodied in a transcript which we have reviewed. It most certainly cannot be said that he was clearly erroneous in his findings (Mass. R. Civ. P. 52 [a], 365 Mass. 816 [1974]), and those findings fully support the conclusion that the primary use of the property would remain, as before, the operation of a gasoline service station, a use prohibited under the terms of the redevelopment plan as interpreted in *Gulf Oil Corp.* v. *Fall River Housing Authority, supra.* There was no error.

*Judgment affirmed.*